UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROY LEE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO.  11-875** |
| **N. BURL CAIN, WARDEN** | **SECTION "B" (5)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).

**I.     Factual and procedural background**

The petitioner, Roy Lee Jones, filed a petition seeking habeas corpus relief pursuant to Title 28 U.S.C. § 2254.[1]  Petitioner is challenging a 1984 armed robbery and aggravated rape conviction

---

[1]  The Court directed the Clerk by separate Order  to file this petition without prepayment of a filing fee.  The application for pauper status is deferred to the Western District of Louisiana.

and sentence imposed by the 9th Judicial District Court for Rapides Parish.  Petitioner is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, in West Feliciana Parish.

## II.   Improper Venue

Title 28 U.S.C. § 2241(d) provides for the proper venue in filing a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Thus, in a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which he was convicted and sentenced.  Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination.  In addition, 28 U.S.C. § 1406 provides that the district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss or, if it be in the interest of justice, transfer the case to any district or division in which it could have been brought.

In this case, petitioner is confined in West Feliciana Parish (Middle District) and was convicted and sentenced in Rapides Parish (Western District).  The Court believes that it is in the interest of justice to transfer this case to the Western District of Louisiana.

**III.     Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Roy Lee Jones's petition for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this __26th__ day of __April__, 2011.

*Alma L. Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.