RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/7/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ROY LEE JONES (LA.DOC.#98435)     DOCKET NO. 11-CV-1905; SEC. P

VERSUS     JUDGE JAMES T. TRIMBLE, JR.

WARDEN     MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Roy Lee Jones filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. Section 2254. The petition was transferred to this Court from the Middle District of Louisiana. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), and he is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

Petitioner was convicted of aggravated rape and armed robbery in the Ninth Judicial District Court for Rapides Parish. He was sentenced to life imprisonment. He directly appealed his conviction to the Third Circuit Court of Appeals, and the conviction was affirmed on Apirl 10th, 1985. [1:05-cv-1183, Doc. #6.] He did not seek review in the Louisiana Supreme Court. Nineteen years later, in 2004, Petitioner filed an application for post-conviction relief in the 9th JDC. The application was denied

on April 23, 2004. [1:05-cv-1183, Doc.#6] Petitioner sought discretionary review in the Third Circuit Court of Appeals on June 8, 2004, which was denied on August 11, 2004. [Id.] He sought review in the Louisiana Supreme Court, which was denied on June 3, 2005. State ex rel Roy Lee Jones v. State, 2005-KH-2398 (La. 6/3/05).

Petitioner filed a writ of habeas corpus in this Court on July 1, 2005. The petition was denied and dismissed as time-barred under the AEDPA (Anti-Terrorism and Effective Death Penalty Act of 1996) on September 20, 2005. [1:05-cv-1183; Doc. #10] The instant petition attacks the same conviction that was the subject of the 2005 habeas petition.

### *Analysis*

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id. The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774

2

fn. 7 (5th Cir. 1999) citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first habeas corpus was, as shown above, dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d). Although Petitioner's previous §2254 petition was dismissed as time-barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. See In re Flowers, 595 F.2d 204, 205 (5th Cir. 2009)(per curiam). The instant petition, which attacks the same conviction and sentence is therefore second or successive. Before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. See 28 U.S.C. § 2244(b)(3)(A) and (B).

A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

Therefore, **IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from**

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Alexandria, Louisiana, this ___ day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE